**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RAYMOND KEITH THOMAS, #T0509**                               **PETITIONER**

**v.**                                            **CAUSE NO. 5:14-cv-101-DCB-MTP**

**STATE OF MISSISSIPPI**                                        **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Petition of Raymond Keith Thomas for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [17] pursuant to 28 U.S.C. § 2244(d). Having considered the Motion, the documents made a part of the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [17] be granted and the Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

On November 14, 2004, Petitioner was convicted of armed robbery in the Circuit Court of Lincoln County, Mississippi. On February 12, 2004, Petitioner was sentenced to serve a term of forty-three years in the custody of the Mississippi Department of Corrections, without chance of early release, parole, or probation. ([17-2].) Petitioner appealed his conviction. On August 22, 2006, the Mississippi Court of Appeals, in a written opinion, affirmed the trial court's judgment. *See Thomas v. State,* 936 So.2d. 964 (Miss. App. 2006).

On November 4, 2014, Petitioner submitted his Petition for Writ of Habeas Corpus [1].[1] Thereafter, Respondent filed his Motion to Dismiss [17], asserting that the Petition was not timely

---

[1] The Petitioner did not sign and date his petition; however, the petition was stamped as "filed" in this Court on November 4, 2014.

filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On August 22, 2006, the Mississippi Court of Appeals rendered its judgment. *See Thomas,* 936 So.2d. at 964. Because Petitioner failed to timely seek discretionary review in state court by filing a petition for a rehearing as provided for in Mississippi Rule of Appellate Procedure 40, Thomas stopped the appeal process and was unable to pursue further direct review in the Mississippi Supreme Court or the United States Supreme Court by way of petition for writ of certiorari. *See Roberts v. Cockrell,* 319 F.3d at 693 fn 14 ("By failing to file a petition for discretionary review, [Thomas] apparently waived his right to seek a writ of certiorari from the

2

Supreme Court."). Therefore, Petitioner's judgement became final–and the statute of limitations for habeas relief began to run–on September 5, 2006 (August 22, 2006, plus fourteen (14) days).[2] Petitioner was required to file his federal habeas petition by September 5, 2007, unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition on November 4, 2014, more than eight years after his judgment became final.

**Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on September 5, 2006, and Petitioner submitting his federal Petition on November 4, 2014, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. Respondent asserts that Petitioner did not file for post-conviction collateral relief. (Motion [17].) Petitioner did not respond to Respondent's Motion [17] or refute Respondent's claim. Additionally, in his Petition for Writ of Habeas Corpus [1], Petitioner did not indicate that he filed any post-conviction relief motions. The Mississippi Supreme Court Clerk's Office also has no record of Petitioner filing applications for leave to seek post-conviction relief.[3] Accordingly, statutory tolling does not apply.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*,

---

[2] See M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed).

[3] *See* State of Mississippi, Judiciary website: https://courts.ms.gov/appellate_courts/generaldocket.html

174 F.3d 710, 713 (5th Cir. 1999). Generally equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner makes no argument for equitable tolling[4] and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court conviction became final on September 5, 2006. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal petition by September

---

[4] Petitioner failed to respond to the Motion to Dismiss [17].


5, 2007. Petitioner filed his Petition on November 4, 2014, more than eight years after his judgment became final. Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [17] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 14th day of August, 2015.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge